IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-3459-K-BN |
| | § | |
| MICHAEL BURCHETT, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff Ronald Wilson, proceeding *pro se*, has filed a complaint, *in forma pauperis*, against (1) Michael Burchett, alleged to be an attorney in the Dallas County Public Defender's Office; (2) the Dallas County Public Defender's Office; (3) Lynn Richardson, Dallas County Chief Public Defender; (4) the Dallas County Adult Probation Office; (5) the United States District Court for the Northern District of Texas; (6) United State District Judge Jorge A. Solis; (7) United States Magistrate Judge Irma Carrillo Ramirez; (8) Fred K. Fuller; and (9) Texas State District Judge Teresa Hawthorne.

This not Plaintiff's first lawsuit in this Court. On March 2, 2013, Plaintiff, again proceeding *pro se*, filed an action, *Wilson v. Lochry*, No. 3:13-cv-1227-P-BH, 2013 WL 3203363 (N.D. Tex. June 25, 2013), asserting various federal and state causes of action. In that action, Plaintiff alleged that Attorney Thomas J. Lochry refused to adequately communicate with him, refused to take actions requested by Plaintiff, and thereby subjected Plaintiff's partner, Patrick Brooks, to a five-year probated sentence. He also alleged that Judge Hawthorne denied him access to the courts and abused her authority. *See* Dkt. Nos. 3, 10, & 13, No. 3:13-cv-1227-P-BH. Although Plaintiff's motion for leave to proceed *in forma pauperis* was granted, process did not issue in that action, and the Court dismissed Plaintiff's federal claims with prejudice under 28 U.S.C. § 1915(e)(2) and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* Dkt. Nos. 13, 19, & 20, No. 3:13-cv-1227-P-BH.

This action, filed on September 24, 2014, appears to be in response to the dismissal of – and mirrors claims made in – Plaintiff's previous action. Liberally construed, the complaint now before the Court asserts civil rights violations, citing 42 U.S.C. §§ 1983, 1985, 1986, 1987, and 1988. *See* Dkt. No. 3 at 2, 13-14, 16. Plaintiff reasserts his claims against Judge Hawthorne; adds similar claims of denial of access to the courts and abuse of authority – based solely on the dismissal of his previous action – against Judge Solis and Magistrate Judge Ramirez; reasserts claims against attorneys who Plaintiff claims represented his partner; adds claims against Dallas County Adult Probation; and demands $25 million. *See* Dkt. No. 3.

The undersigned now concludes that all claims asserted in this action should be

dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Claims within a complaint lack an arguable basis in fact if they describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327-28. But claims may be dismissed

> as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

To state a claim on which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

<u>The judges and this Court</u>

Plaintiff's claims against Judge Hawthorne, Judge Solis, Magistrate Judge Ramirez, and the United States District Court are barred by absolute immunity. Plaintiff has again sued Judge Hawthorne in connection with her handling of the criminal case against his partner and sues Judge Solis and Magistrate Judge Ramirez based on their handling of his previous case in this Court.

As a preliminary matter, this Court – both the undersigned and the United States District Court for the Northern District of Texas – can properly decide this case despite the United States District Court for the Northern District of Texas, Dallas Division's being named as a defendant. Federal judges are required to disqualify themselves in any proceeding in which their impartiality might reasonably be questioned, *see* 28 U.S.C. § 455(a), and when the judge is "a party to the proceeding," *id.* § 455(b)(5)(i). But the "rule of necessity" provides an exception to disqualification. Under this rule, a judge is not disqualified to hear a case if "the case cannot be heard otherwise." *United States v. Will*, 449 U.S. 200, 213 (1980) (holding that the rule of necessity is an exception to 28 U.S.C. § 455's recusal requirements). Plaintiff's allegations, as against the entire Court, appear to be limited to the allegations against "Defendant(s) United States District Court, for the Northern District of Texas, Dallas Division, by and through Defendants Jorge A. Solis, U. S. District Judge, and Irma Carillo Ramirez, U. S. Magistrate Judge," and so appear to be focused on Judge Solis and Magistrate Judge Ramirez. *E.g.*, Dkt. No. 3 at 2 of 16. But Plaintiff nevertheless has indiscriminately sued the entire United States District Court for the Northern

-5-

District of Texas along with Judge Solis and Magistrate Judge Ramirez individually – but not the undersigned or the presiding judge, United States District Judge Ed Kinkeade. (Plaintiff sued the "USDC Northern Texas, Dallas Division," but the Court's Dallas Division is not a separate entity.) Disqualification is not possible here because it would leave Plaintiff with no judges of this Court to hear his case. The rule of necessity therefore applies to permit this Court and the undersigned to hear the case. *See Will*, 449 U.S. at 213; *In re City of Houston*, 745 F.2d 925, 930-31 n.9 (5th Cir. 1984); *Duplantier v. U.S.*, 606 F.2d 654, 662-63 (5th Cir. 1979); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008); *Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1163-64 (9th Cir. 2006); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 10 (2d Cir. 1999) ("That it is possible to convene a disinterested panel in another circuit does not require transfer here, where appellant has indiscriminately named all then-current Second Circuit judges as defendants, even those who had no role in deciding either of his appeals."). *See generally Tramonte v. Chrysler Corp.*, 136 F.3d 1025, 1032 (5thhCir. 1998) ("It is true that the Supreme Court has recognized a 'rule of necessity,' whereby judges can handle cases in which they have a personal interest if 'the case cannot be heard otherwise.' *United States v. Will*, 449 U.S. 200, 214, 101 S. Ct. 471, 480, 66 L. Ed. 2d 392 (1980). Yet Tramonte has made an insufficient showing to entitle herself to invoke the rule. Until Tramonte demonstrates that every judge available to her is a potential class member, we must enforce § 455(b) by its strict terms.").

Judges generally have absolute immunity for judicial actions taken within the

scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted).

"[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, and "[d]isagreeing with a judge's actions does not justify depriving that judge of his or her immunity," *Greenlee v. U.S. Dist. Court*, No. 09-2243-CV-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363)).

Plaintiff does not assert that he interacted with any judicial officer outside of his or her judicial capacity or that any judicial officer acted outside his or her jurisdiction. As such, Judge Hawthorne, Judge Solis, and Magistrate Judge Ramirez are absolutely immune from all claims asserted against them in this action, and those claims should be "dismissed with prejudice as frivolous." *Boyd*, 31 F.3d at 285. Similarly, to the extent Plaintiff asserts claims against the United States District Court as an entity, those claims are also barred. *See Jones v. 7th Judicial Dist. Court*, Civil Action No. 6:06cv214, 2006 WL 2385287, at *2 (E.D. Tex. Aug. 17, 2006) ("[B]ecause the state

district court is a judicial entity, a suit against the court itself, like one against the judge who presides over it, would necessarily be barred by the doctrine of judicial immunity." (citing *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)); *Greenlee*, 2009 WL 1424514, at *2 (plaintiff's claims against U.S. district court, two U.S. district judges, and one U.S. magistrate judge barred by judicial immunity); *see also Hudson v. Am. Arbitration Ass'n, Inc.*, 101 F. App'x 947, 947 (5th Cir. June 17, 2004) (per curiam) ("Any equal protection claims against the district court are barred by judicial immunity." (citing *Mireles*, 502 U.S. at 11-12)).

Dallas County Adult Probation

The Court lacks subject matter jurisdiction over Plaintiff's claims against the Dallas County Adult Probation. Plaintiff alleges that that office violated his constitutional rights by causing a financial burden on him, his partner, and others. The United States Court of Appeals for the Fifth Circuit has held, however, that a county adult probation office "is an arm of the state within the meaning of the Eleventh Amendment, and that the federal courts lack subject matter jurisdiction over [ ] section 1983 claims against it." *Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 745 (5th Cir. 1986); *see also Flores v. Ramirez*, Civil Action No. L-94-30, 1996 WL 162054, at *2 (S.D. Tex. Feb. 26, 1996) ("The Fifth Circuit has decided, in an exhaustive opinion directly on point, that county adult probation departments, such as the Center, are arms of the state for 11th Amendment purposes.").

The attorneys

Plaintiff's civil rights claims against the Dallas County Public Defender's Office

and attorneys employed by that entity are frivolous and, as such, should be dismissed. Plaintiff has sued the Dallas County Public Defender's Office and attorneys in that office based on the manner in which his partner was represented. *See, e.g.*, Dkt. No. 3 at 13-14, ¶ 23 ("The acts and omissions, activities and actions, and personal conduct of [Defendant Burchett] in the processing and handling of the defense in Patrick's case ... clearly constitutes[, among other allegations,] denial & deprivation of access to the court, ineffective assistance of counsel, and multiple due process of law violations of Patrick's and [Plaintiff's] constitutional rights ...." (capitalization modified)).

Public defenders and private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983.").

Plaintiff has also cited 42 U.S.C. § 1985, "part of the Civil Rights Act of 1871, [which] creates a private civil remedy for three prohibited forms of conspiracy to interfere with civil rights under that section." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 149 (5th Cir. 2010). The second and third forms set out in Section 1985 – the only prohibited forms of conspiracy arguably applicable, based on Plaintiff's allegations – respectively concern "conspiracies directed at the right of participation in federal judicial proceedings" and "conspiracies to 'depriv[e] ... any person or class of

persons the equal protection of the laws' and those aimed at preventing a person from lawfully voting." *Id.* (quoting 42 U.S.C. § 1985(3)). Plaintiff's allegations of any conspiracies by attorneys in the Dallas Public Defender's Office to deprive him of his civil rights are, as this Court previously found, not only conclusory but also "fanciful, fantastic, delusional, irrational, and wholly incredible." *Wilson*, 2013 WL 3203363, at *4.

As to Plaintiff's invocation of Sections 1986 and 1988, because he "has failed to state a claim under § 1985[,] ... he has also failed to state a claim upon which relief may be granted under § 1986," and, similarly, attorney's fees under Section 1988 "are not warranted, even if he were not proceeding *pro se.*" *Id.*

Plaintiff also cites Section 1987, but that provision does provide for a private cause of action and, thus, need not be addressed. *See, e.g., Qader v. Cohen & Slamowitz*, No. 10 CV 01664 GBD, 2011 WL 102752, at *3 n.2 (S.D.N.Y. Jan. 10, 2011).

<u>Fred K. Fuller</u>

Plaintiff lists the name "Fred K. Fuller" on the face of his complaint. *See* Dkt. No. 3 at 1. But nowhere in the complaint does Plaintiff mention Fuller or allege any claims against him. As such, Plaintiff has failed to state a claim on which relief may be granted against this defendant.

**Recommendation**

Plaintiff's complaint should be summarily dismissed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 10, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE